# CIRCUIT COURT OF LOUDOUN COUNTY

Nancy F. Wood

v.

Robert G. Campbell et al.

September 6, 2006

Case No. (Law) 31066

BY JUDGE THOMAS D. HORNE

Plaintiff has moved to compel discovery as to four interrogatories. These interrogatories are identified as Plaintiff's Interrogatories 1-3 and 6. Defendant has objected to responding "on the grounds that the requested information has no relevance to this cause of action and seeks information within the attorney client privilege."

This is a personal injury action arising out of an accident brought by the plaintiff against the operator of the other vehicle involved in the accident. Additionally, the construction company for which the defendant Campbell was allegedly operating the vehicle and the rental company that had leased the vehicle to Campbell's employer have been made defendants.

The four interrogatories at issue are as follows:

1. When did you first receive notice, or knowledge, from any source, that a pending lawsuit has been filed against you arising from the auto accident with Plaintiff on March 5, 2002, and describe fully how you received said notice?

2. When did you first notify State Farm Insurance Company and/or any other insurance company you had been named as a Defendant in this lawsuit, and identify how you made such notice and to whom?

3. Have you received a reservation of rights from State Farm Insurance Company, and if yes, state the date received by you or someone on your behalf?

6. Did you ever notify State Farm Insurance Company or any insurance company that you had been involved in an auto accident as alleged by Plaintiff? If yes, state the date or dates of such notification.

Thus, each of the interrogatories seeks information regarding a reservation of rights to deny coverage to the defendant Campbell.

Rule 4:1(b)(2) specifically addresses the matter of discovery of insurance agreements. This discovery includes both the existence and contents of the agreement but does not extend to an application for insurance. Defendants contend that the absence of any reference in the Rule to discovery of other insurance information indicates judicial proclivity to deny such a request as is before the Court. Moreover, they assert that such information is not relevant to the issues presented. It is their contention that such information would only become relevant should the defendant Campbell be found liable and satisfaction of any judgment obtained be sought from the insurer, State Farm.

Plaintiff notes that she has been informed that State Farm has reserved its right to deny coverage as "[i]t is questionable whether the provisions of the policy concerning the reporting of a claim or suit have been violated by failure to immediately forward to the company every demand, notice of suit, summons, or other process received by you or your representative." She suggests that the questions are relevant and not protected by the attorney-client privilege from disclosure.

The Court is of the opinion that the Rule does not preclude the disclosure of material, not privileged, concerning communications between the defendant and the insurer in such a circumstance as this. In general, discovery may be had of, "any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identify and location of persons having knowledge of any discoverable matter." Rule 4:1(b)(1). The information is, in the opinion of the Court, "relevant to the subject matter involved in the pending action." Plaintiff's course of action in the pursuit of the instant case may be materially affected by the weight it may independently ascribe to the reservation claim of the insurer.

Accordingly, the motion to compel is granted. Defendants shall produce the information sought within 21 days of this Order. Counsel may note their exceptions to the Order in a like period.